LOWER CREEK DRAINAGE COMMISSIONERS v. R. H. KIRBY.

(Filed 9 November, 1916.)

**Courts—Justices of the Peace—Appeal—Separate Transcripts—Cases Consolidated—Notice—Statutes.**

Where there are two separate and distinct actions brought by the same plaintiff against one defendant, in a justice's court, and judgment by default is rendered in both of them, on notice of appeal aptly given, etc., it is the duty of the magistrate to send up two transcripts, one in each case wherein he rendered judgment (Revisal, sec. 1493); and where he, of his own motion, without notice, consolidates them and sends up the transcript accordingly, notice of appeal given by the defendant of the consolidated cases, without motion in the Superior Court to amend the return or to compel the magistrate to comply with the statute, is not sufficient, and the case should be dismissed in the Superior Court.

APPEAL from justices's court, heard at May Term, 1916, of CALDWELL. before *Lane, J.*

In apt time plaintiffs moved to dismiss the appeal because defendant failed to give and serve proper notice of appeal, and because the purported appeal is not properly docketed, no proper and sufficient transcript of appeal having been certified by the justice of the peace. The court overruled plaintiffs' motion and plaintiffs excepted. There was verdict and judgment for defendant, and plaintiffs appealed.

*S. J. Ervin, Squires & Whisnant for plaintiffs.*
*Self & Bagby for defendant.*

BROWN, J. There were two judgments rendered by the justice in favor of plaintiff and against defendant, one for $63.75 and one for $62.22, in two distinct actions. The defendant did not appear in person or by counsel in either case, but in apt time caused a notice of appeal to be served as follows: "Take notice that the defendant in the above entitled case appeals to the Superior Court from the judgment rendered therein by J. A. Bush, justice of the peace, on 10 January, 1916, in favor of the plaintiffs for the sum of $270 and cost of action. Said appeal is taken because the judgment is contrary to law and against the weight of the evidence in the case."

The justice did not send up two transcripts of appeal as required by the statute, one in each case in which he rendered judgment (Revisal, 1493), but without the knowledge or consent of the plaintiff undertook to consolidate the two actions and sent up only one transcript of appeal, certifying that he had rendered judgment for $251.94. The Superior Court denied plaintiffs' motion to dismiss and directed the clerk to docket the case as two cases. No further notice of appeal was given.

The motion of plaintiffs should have been granted. It was the justice's duty to certify up to the Superior Court two perfect transcripts of appeal, one in each case. He had no power after rendering judgment, to consolidate two appeals and certify both in one transcript. It was the justice's duty within ten days after the service of notice of appeal on him to make return in each case to the Superior Court, and to file with the clerk the papers, proceedings, and judgment in each case, with the notice of appeal served on him in each case. Revisal, 1493.

There was no motion made, as far as the record shows, to amend the return or to compel the justice to certify up a proper return in each case. The judge simply directed the clerk to docket the appeal as if two proper transcripts had been made. In this there was error. The motion to dismiss should have been allowed.

Error.